IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CITY OF RED OAK,<br>　　　Plaintiff, | §<br>§<br>§ | |
| v. | § | 3:15-CV-2746-M-BK |
| HARVEY LEELANE SEARCY,<br>　　　Defendant. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred to the United States Magistrate Judge. Defendant filed a *pro se* notice of removal and the Court granted his motion for leave to proceed *in form pauperis*. For the reasons that follow, this case should be remanded *sua sponte* to the Red Oak Municipal Court.

**I. BACKGROUND**

On August 21, 2015, Defendant filed a *pro se* notice of removal of case number E0016001-2, a criminal case pending in the City of Red Oak Municipal Court. Doc. 1 at 1.[1] He asserts the City of Red Oak and the Red Oak Municipal court have violated his civil rights, specifically:

> a) right of privacy, b) right to due process of law, c) right to be secure in one's person, houses, papers, and effects against unreasonable searches and seizures, d) right to a speedy trial, and e) right to reasonable bail, thereby giving rise to a legal issue involving the interpretation and application of the U.S. Constitution which is subject to the jurisdiction of the federal courts pursuant to 28 USCA § 1331.

---

[1] The first paragraph of the notice of removal reflects an Ellis County Criminal Case number, which Defendant also sought to remove to federal court. *See State of Texas v. Searcy*, No. 3:15-CV-2268-O-BN (N.D. Tex. Sept. 4, 2015) (recommendation *sua sponte* remanding action to Ellis County Court of Law No. 2). However, the caption, index of documents, and supplemental civil cover sheet all refer to case number E0016001-2, pending in the Red Oak Municipal Court. Doc. 1 at 1, 3, 5.

Doc. 1 at 1. Defendant cites to 28 U.S.C. § 1441 in the notice of removal and to 28 U.S.C. § 1443 in the Civil Cover sheet. Doc. 1 at 1, 4.

Along with the notice of removal, Defendant filed a "certificate of estoppel," which in substance asserts the City of Red Oak has "[u]nreasonably delayed or been negligent in asserting its claim(s) against the Defendant." Doc. 4 at 1. He also claims that "[t]here was a false representation and/or concealment of material facts." Doc. 4 at 1.

## II. ANALYSIS

28 U.S.C. § 1455(a) provides for removal of criminal prosecutions. The Court, however, must "examine the notice promptly" and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). Because section 1455 does not set out any substantive requirement for removal, the Court turns to the other removal statutes to determine if removal is appropriate. *See Louisiana v. Hunter*, Civ. A. No. 14-931, 2014 WL 7139463, at *5 (E.D. La. Dec. 15, 2014) (noting that the United States Court of Appeals for the Fifth Circuit has yet to construe section 1455 and that the statute is purely procedural and provides no substantive requirements for removal).

The Court liberally construes Defendant's filings with all possible deference due a *pro se* litigant. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice").

Even assuming a proper notice of removal within the requisite 30-day period under section 1455(a) and (b), Defendant is not a federal officer, a member of the armed forces, or an

official enforcing civil rights.  Doc. 1 at 1.  Thus, he cannot seek removal under 28 U.S.C. §§ 1442, 1442a, 1443(2).  *See* 28 U.S.C. § 1442 (providing for removal of criminal actions against federal law enforcement officers or officials for acts taken in their official duties), 28 U.S.C. § 1442a (providing for removal of prosecutions of members of the armed forces), and 28 U.S.C. § 1443(2) (providing for removal of prosecutions of officials enforcing civil rights statutes).

Insofar as he relies on section 1443(1), Defendant's atempted removal fares no better.  That section authorizes the removal of a pending state criminal prosecution "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."  28 U.S.C. § 1443(1).  However, to remove a case under this section, the defendant must show both that (1) the right allegedly denied him arises under a federal law providing for specific rights stated in terms of racial equality; and (2) that he cannot enforce the specified federal right in state court.  *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780 (1966)).  The defendant bears the burden of establishing his right to removal under section 1443.  *State of Tex. v. Gulf Water Benefaction Co.*, 679 F.2d 85, 86-87 (5th Cir. 1982).

Defendant does not meet the two requirements for removal under section 1443(1).  His pleadings, liberally construed in light of his *pro se* status, fail to allege that he has been denied a federal right arising under a specific law or statute protecting racial equality.  *See Johnson*, 421 U.S. at 219 ("Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice.").  Indeed, Defendant's pleadings only assert general violations of his rights to privacy, to due process of law, to be free from unreasonable searches and

seizures, and to a speedy trial and reasonable bail.  Doc. 1 at 1.  Conclusory allegations of civil rights violations are clearly insufficient to remove an on-going state criminal prosecution to federal court.  See *Gulf Water Benefaction Co.*, 679 F.2d at 86 (conclusory allegations of civil rights violations were insufficient to support removal of on-going state criminal prosecution).  Moreover, Defendant does not claim that he cannot enforce the specified federal rights in state court, as set out in the second element above.  In fact, his pleadings do not refer to any state law that would restrict his ability to enforce his federal rights in the state court criminal proceedings.  Doc. 1 at 1; Doc. 4 at 1.

Accordingly, Defendant cannot establish a right to remove his pending criminal case under 28 U.S.C. § 1443(1), and this case should be remanded *sua sponte*.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be remanded *sua sponte* to the Red Oak Municipal Court.  See 28 U.S.C. § 1455(b)(4).

SIGNED October 5, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE